■ EXCAVATORS UNION LOCAL 731 WELFARE FUND et al., Respondents, v RICHARD ZURMUHLEN, Appellant.—Order and judgment (two papers), Supreme Court, New York County, entered March 13, 1978, granting plaintiff's motion for summary judgment on each of three claims for employee benefits are modified, on the law, with one bill of costs to respondents to reduce the amount of recovery by the welfare fund to $42,326.54, plus interest and costs, and are otherwise affirmed. Defendant and Local 731 entered into a labor contract under which the defendant, as employer, was required to make certain contributions to the plaintiffs as benefits and wage supplements for employees covered by the contract. Plaintiffs brought this action under section 198-c of the Labor Law which reads: "1. In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in [§ 198-a] of this article. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor. 2. As used in this section, the term 'benefits or wage supplements' includes but is not limited to reimbursement for expenses; health, welfare, and retirement benefits; and vacation, separation or holiday pay." In his answer defendant admits that he is the sole stockholder and president of the corporation and as affirmative defenses sets forth the penal nature of section 198-c and that plaintiffs have failed to comply with section 630 of the Business Corporation Law. The Business Corporation Law clearly pertains to actions against shareholders of a corporation, not against an officer and plaintiffs make it quite clear that they are proceeding under the Labor Law. Section 198-c was enacted for the protection of workers in order to guarantee that they would receive their fringe benefits, and in fact emanated from section 1272 of the former Penal Law as the result of a decision of the Court of Appeals in *People v Vetri* (309 NY 401) (see *People v Trapp,* 20 NY2d 613, 616). The purpose of the statute was to place the responsibility for enforcing corporate compliance upon the president, secretary, treasurer or other officers exercising corresponding functions. The court in *Trapp (supra,* p 617) stated that this section applied to those officers who stood in such relation to the corporation's affairs that they actually know of the nonpayment (citing *People v Ahrend Co.,* 308 NY 112, 114). The court was aware that there are nominal officers who actually take no part in corporate management. As sole stockholder and president, defendant at bar is not so insulated. The theory that a private right of action is implied from statutes which provide penal sanctions on their face was upheld in *General Teleradio v Manuti* (284 App Div 400, 404) where the court held:

"The rule is well settled that where a criminal or penal statute imposes a duty but furnishes no civil remedy to the protected class, a breach of that duty gives rise to a cause of action in favor of the latter class". The concept of imposing civil liability on the basis of a penal statute has received widespread recognition. (See, e.g., *Superintendant of Ins. v Bankers Life & Cas. Co.,* 404 US 6, 13, n 9; *J. I. Case Co. v Borak,* 377 US 426; *Myer v Shields & Co.,* 25 AD2d 126; 2 Restatement, Torts 2d, § 286.) "Thus, the right to maintain a civil action based upon a criminal statute has been repeatedly upheld and is deemed a right to the damaged party sought to be protected by this statute." *(Johnson v Clay Partition Co.,* 93 Misc 2d 414, 416, affd 65 AD2d 737.) Indeed, *Johnson* is dispositive. There civil liability was imposed on a corporate officer under section 198-c of the Labor Law. Though the court granted judgment to the welfare fund in the amount of $49,190.13, the fund office manager, in his affidavit, acknowledged receipt of $6,863.59 by the welfare fund as a result of Sheriff's levies against some of the corporation's assets. The defendant is thus entitled to a credit for these funds, and such setoff is implemented by our modification. Settle order. Concur—Birns, J. P., Evans, Fein, Sullivan and Silverman, JJ.