In re Robert Carnahan GRIFFITH and Ruth Ina Griffith, d/b/a Payless Motel, Debtors–Petitioners.

Robert GRIFFITH and Ruth Griffith, his wife, Plaintiffs,

v.

REALTY EXECUTIVES, INC., a New Mexico Corporation et al., Defendants.

Bankruptcy No. 79–01128J(c).

Adv. Nos. 79–0007, 79–0008.

United States Bankruptcy Court, D. New Mexico.

May 15, 1980.

See also, Bkrtcy., 6 B.R. 753.

Norman L. Gagne, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, N.M., for Al Kashey and Al Kashey & Co., Inc.

Joseph Mercer & Duane Keating, Albuquerque, N.M., for Richard Hix and Hiland Properties, Inc.

Richard D. Yeomans, Poole, Tinnin & Martin, a Professional Corp., Albuquerque, N.M., for Tina Singer, individually, and Tina Singer, as personal representative of the estate of Jerry Singer.

Thomas J. Dunn, Moses, Dunn, Beckley, Espinosa & Tuthill, Jennie Deden Behles, Behles, Bloom & Behles, Albuquerque, N.M., for Robert Griffith and Ruth Griffith.

## DECISION

ROBERT A. JOHNSON, Bankruptcy Judge.

This cause came on to be heard on February 19, 1980, having been duly and regularly scheduled for hearing at that time. Debtors were present by their attorney, Terry D. Farmer; defendants Singers were present by their attorney, Richard D. Yeomans; defendants Glen H. Veretto and Realty Executives, Inc. were present by their attorney, David King; defendants Richard Hix and Hiland Properties were present by their attorney, Joseph J. Mercer; and defendants Al Kashey and Al Kashey and Co., Inc. were present by their attorney, Norman Gagne.

With respect to Count I of debtors' complaint, defendants Singers move for partial summary judgment. In addition, these defendants move for summary judgment in their favor on all counts of debtors' complaint. Defendants Veretto and Realty Executives, Inc. also move for summary judgment on all counts of debtors' complaint and request that they be dismissed from the present cause of action.

■ In deciding whether the above motions should be granted, the Court is guided by the following principles of law. Summary judgment may be properly entered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Progress Development Corporation v. Mitchell*, 286 F.2d 222 (7th Cir. 1961); *see also Bolack v. Underwood*, 340 F.2d 816 (10th Cir. 1965); *Silva v. Sandia Corporation*, 246 F.2d 758 (10th Cir. 1957). Accordingly, one who moves for summary judgment has the burden of demonstrating that there is no such issue of fact. Any doubt as to the existence of such an issue is resolved against the moving party. *International U., D. 50, U.M.W. v. Mathiessen & Hegeler Zinc Co.*, 291 F.Supp. 578 (N.D.W.Va.1968); *see Bolack v. Underwood, supra; see also Doff v. Brunswick Corporation*, 372 F.2d 801 (9th Cir. 1966), *cert. denied*, 389 U.S. 820, 88 S.Ct. 39, 19 L.Ed.2d 71 (1967). In addition, the moving party has the burden of showing that it is entitled to judgment as a matter of law. *Melancon v. Insurance Company of North America*, 482 F.2d 1057 (5th Cir. 1973). Until the movant has met its burden, the opponent of a summary judgment motion is under no obligation to present any evidence. *Gray v. Greyhound Lines, East*, 545 F.2d 169 (D.C.Cir.1976). However, once a movant has carried its burden of showing no genuine issue of material fact, it is the non–movant's burden to rebut this showing with affidavits or otherwise. Fed.R.Civ.P. 56(e); *Sweet v. Childs*, 507 F.2d 675 (5th Cir. 1975). A motion for summary judgment may be rendered in whole or in part as to the various issues in a case. *Weva Oil Corporation v. Belco Petroleum Corporation*, 68 F.R.D. 663 (N.D.W.Va.1975). Summary judgment, however, is not authorized for any portion of a claim less than a whole.

*Triangle Ink & Color Co., Inc. v. Sherwin–Williams Co.,* 64 F.R.D. 536 (N.D.Ill.1974).

With respect to defendants Singers' motion for partial summary judgment, it is contended that debtors have affirmed and ratified the exchange agreement in question and have thereby waived any right to rescind this agreement and accompanying documents. To support this contention, defendants Singers point to the following undisputed facts: (1) debtors' operation of the Payless Motel; (2) the receipt of rents by debtors from this operation; (3) the payment of motel utilities by debtors; (4) the hiring and firing of motel employees by debtors; (5) the payment of taxes assessed against the motel by debtors; and (6) various items of work performed by debtors on the lobby, air conditioning, restaurant and laundry facilities of the motel. Based upon these facts and the legal principle stated in *Brown v. Newton,* 59 N.M. 274, 282 P.2d 1113 (1955) and other similar cases, defendants Singers claim they are entitled to judgment as a matter of law.

■ By way of rebuttal, debtors contend that the above actions do not constitute an affirmance and ratification of the exchange agreement but instead were done to maintain and preserve the status quo of the motel as a going business enterprise during the pendency of the present litigation. The pleadings, depositions and interrogatories indicate that, in order to continue as a viable business enterprise, the Payless Motel is in need of maintenance and certain repairs. Given this situation, it cannot be established whether the actions cited by defendants Singers constitute an affirmance and ratification of the exchange agreement or merely a preservation of the motel. The resolution of this issue is material in determining whether the legal principle announced in *Brown* is applicable to the present case. Therefore, a genuine issue of material fact exists. Accordingly, the Court rules that defendants Singers have failed to carry their burden. Based upon this ruling, the Court denies defendants Singers' motion for partial summary judgment.

Defendants Singers' motion for summary judgment is based upon the assertion that, because of debtor Robert Griffith's inspection of the motel, any reliance by debtors on misrepresentations made by defendants is unjustified as a matter of law. This assertion is primarily based *inter alia* upon defendants Singers' claim that (1) Mr. Griffith was afforded a full opportunity to inspect the motel premises and did undertake an inspection and (2) the past experience of debtors is such that, if such an opportunity was not afforded, they were put on notice that a further inspection was necessary.

■ In his deposition, John Brown, the former manager of the Payless Motel, stated that Mr. Griffith's inspection of the motel was "pretty quick" and that Mr. Kashey "was kind of ramrodding things." These statements are contradicted by the deposition of Mr. Kashey. Thus, a genuine dispute exists concerning the extent of Mr. Griffith's opportunity to inspect. Moreover, different inferences can be drawn from the testimony of Mr. Griffith. The extent of this opportunity is a material fact in the present case. *See Berrendo Irrigated Farms Co. v. Jacobs,* 23 N.M. 290, 168 P. 483 (1917). In addition, an examination of debtors' depositions reveals that debtors' past experience is limited to transactions involving motels substantially smaller than the Payless Motel. Furthermore, the pleadings, depositions and interrogatories indicate that some of the defects complained of in the case at hand may have been latent. If these defects are of such a nature, it is questionable whether a normal inspection would have revealed them or whether Mr. Griffith's past experience as a contractor should have put him on notice that a further inspection was necessary. Therefore, a genuine issue exists concerning whether debtors, by virtue of their past experience, were put on notice of the necessity of a further inspection. The resolution of this issue involves the resolution of a material fact. *See Gaston v. Hartzell,* 89 N.M. 217, 549 P.2d 632 (Ct.App.1976). Based upon the existence of the above issues of material facts, the Court rules that defendants Sing-

ers have failed to carry their burden. Accordingly, the Court denies their motion for summary judgment.

Defendants Veretto and Realty Executives, Inc.'s motion for summary judgment is based upon the claim that they did not participate in the transaction which is the subject matter of the present suit. Mr. Kashey's affidavit and portions of his deposition contradict this claim. However, a thorough examination of Mr. Kashey's deposition reveals that the information contained in this affidavit and the portions of his deposition which contradict Veretto are based upon hearsay and not upon personal knowledge. It is well settled that affidavits based upon hearsay are not sufficient to raise genuine issues of fact precluding a grant of summary judgment. *Elasky v. Pennsylvania R. Co.*, 215 F.Supp. 25 (N.D. Ohio 1962). It is also equally well established that affidavits in support of or in opposition to a motion for summary judgment must contain admissible evidentiary facts, and conclusory statements and statements not made on personal knowledge do not comply with the requirements of Rule 56 and may not be considered. Fed.R.Civ.P. 56(e); *Union Insurance Soc. of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946 (2d Cir. 1965); *see also Citizens Environmental Council v. Volpe*, 484 F.2d 870 (10th Cir. 1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974). In addition, it is well settled that matters of hearsay contained in depositions opposing a summary judgment cannot be considered. *Standard Rolling Mills v. National Mineral Co.*, 2 F.R.D. 236 (E.D.N.Y.1942); *see also Morrissey v. Procter & Gamble Company*, 379 F.2d 675 (5th Cir. 1967).

Based upon these legal principles, the Court rules that the affidavit of Mr. Kashey and the contradictory portions of his deposition may not be considered. The remaining depositions on file and the affidavit of Mr. Veretto establish that, although defendants Veretto and Realty Executives, Inc. received a "token" from the exchange of the Payless Motel, they did not participate in that transaction. Debtors

have failed to bring forth admissible evidentiary facts which would rebut this conclusion. Accordingly, the Court grants defendants Veretto and Realty Executives, Inc.'s motion for summary judgment.

In arriving at this ruling, the Court is aware that debtors have filed a supplemental response to Veretto and Realty Executives, Inc.'s, motion for summary judgment and have alleged that the deposition of defendant Tina Singer raises a genuine issue of material fact concerning the involvement of these defendants in the present transaction. The Court has examined this deposition and concludes that it does not raise such an issue. In addition, even if some of Ms. Singer's statements could be construed to raise such an issue, they are not based upon her personal knowledge. Accordingly, they may not be considered. *See* F.R.Civ.P. 56(e).

IT IS SO ORDERED.