In re U. S. AIR DUCT CORPORATION,
Debtor.

William S. MAZUR, as Fund Director of
the Sheet Metal Workers International
Association Local No. 58 Welfare Fund,
Sheet Metal Workers International As-
sociation Local No. 58 Education Fund:
and William S. Mazur, as Business Man-
ager of Sheet Metal Workers Interna-
tional Association Local No. 58, Plain-
tiffs-Respondents,

v.

U. S. AIR DUCT CORPORATION and
Franklin E. Bean,
Defendants-Petitioners.

Bankruptcy No. 79 02454.
Adv. No. 80 0072.

United States Bankruptcy Court,
N. D. New York.

Jan. 28, 1981.

Blitman & King, Syracuse, N. Y., for plaintiffs-respondents; Jules L. Smith, Syracuse, N. Y., of counsel.

Scott, Sardano & Pomeranz, Syracuse, N. Y., for defendants-petitioners.

Kenneth J. Bobrycki, Syracuse, N. Y., for debtor.

## MEMORANDUM—DECISION AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

On or about October 9, 1979, William S. Mazur, as Fund Director for the Sheet Metal Workers International Association, Local No. 58, (hereinafter, the Association), commenced an action in the New York Supreme Court for the County of Onondaga to recover fringe benefits and/or wage supplement contributions against (1) U.S. Air Duct Corporation (hereinafter, the Debtor) and (2) its corporate president, Mr. Franklin E. Bean, Individually (hereinafter, the Non-Debtor).

The pleadings in this civil action, in substance, seek to recover contributions due and owing to numerous employees' benefit trust funds by the named co-defendants. The liabilities against the Debtor arise pursuant to the terms of a certain collective bargaining agreement between the Debtor and the Association. These liabilities derive from employees' work periods logged in April, May and June, 1979. Joined to the complaint is a separate cause of action against the Non-Debtor. Pursuant to New York Labor Law, Section 198–c., the latter action is to have the Non-Debtor held personally liable for the failure of its corporation, the Debtor, to make the aforesaid contributions. This liability arises from the breach of a statutorily imposed duty. The complaint narrates that payment of the contributions was made by checks on or about August 14, 1979. All checks were duly forwarded for deposit. All checks were dishonored by the Debtor's bank. At the date of the complaint all claimed amounts were still outstanding.

The Debtor and Non-Debtor served a single answer on November 14, 1979. It denied all material allegations of the causes of action stated. The answer sets up three affirmative defenses on behalf of the co-defendants and a fourth affirmative defense, i. e., a cross-claim against the Debtor's bank, Key Bank of Central New York (hereinafter, the Bank). The answer named the Bank as a co-defendant pursuant to the New York Civil Practice Law and Rules, Section 3019(d).

On November 15, 1979, the Debtor filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code in this United States Bankruptcy Court. The Non-Debtor did not then, nor as of the time of this motion's argument, file a petition in bankruptcy as an individual. Pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. 362, the state-court proceedings were technically stayed at the date of the petition's filing.

On June 5, 1980, the Association made a motion in the New York state-court proceedings, returnable on June 30, 1980, to sever the claims against the Debtor and the Non-Debtor and to obtain summary judgment against the Non-Debtor.

On June 26, 1980, the Non-Debtor filed an application and accompanying bond for removal of the New York state-court proceeding to this Court.

On August 25, 1980, the Association made a motion to this Court for (1) an order remanding the removed New York state-court proceeding to the Supreme Court of New York, County of Onondaga, or in the alternative; (2) an order severing the claims against the Debtor vis-a-vis his co-defendant, the Non-Debtor, and remanding the claims against the Non-Debtor to the New York state court; and (3) for costs and disbursements, including reasonable attorneys fees incurred by reason of the removal proceedings.

## DISCUSSION

At the onset, this Court denies the first prayer for relief in this motion. This Court will not remand the entire state-court proceeding. That proceeding encompasses many claims in the nature of unsecured debts against the Debtor and their adjudication is well within this Court's jurisdiction as of the filing of the bankruptcy petition. This court shall now address the Association's contentions in its motion which seek to sever and remand its cause of action against the Non-Debtor.

The Association's motion papers seek remand pursuant to 28 U.S.C. 1478(b). The grounds for the motion are: (1) removal of the action is time barred under Interim Bankruptcy Rule 7004(a)(3) because the application for removal was filed more than thirty days after the date of the petition in bankruptcy; (2) the claims asserted against the Non-Debtor by the Association are not claims over which this Bankruptcy court has jurisdiction; (3) the New York civil action, itself, is not an action or proceeding subject to removal pursuant to 28 U.S.C. 1478; (4) the Non-Debtor's removal application, not having himself filed in bankruptcy, is improper; and (5) the application for removal was filed by the Non-Debtor in an attempt to interfere with and defeat the Association's claims against the Non-Debtor.

This Court must clarify and thereby dismiss some procedural issues in this motion. Pursuant to an enabling order,[1] the Bankruptcy Judges for the Northern District of New York on October 1, 1980 ordered, with minor deletions and amendments, that the Suggested Interim Bankruptcy Rules, e. g., Rule 7004, be adopted by this United States Bankruptcy Court to govern all cases filed on or after October 1, 1979. See Local Rule 27.

The case at bar, *In re U.S. Air Duct Corporation*, is a Chapter 7 liquidation proceeding filed on November 15, 1979. The application for removal and motion to remand, now in issue, were commenced on June 26, 1980, and August 25, 1980, respectively. This Court recognizes that the Suggested Interim Bankruptcy Rules were not binding in law[2] at the date of the application for removal. In addition, this Court, in the spirit of equitable treatment to the parties and in the interests of justice, waive any and all application of Rule 7004. This judicial exercise is made in light of the chronological facts surrounding this particular application and motion. Therefore, the Association's contentions and relief sought under Rule 7004, subsections (a)(3) and (j), respectively, are hereby dismissed.

### I.

Section 241 of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 et seq., added a new Chapter 90 to Title 28 of the United States Code, Sections 1471 to 1482, entitled "DISTRICT COURTS AND BANKRUPTCY COURTS". The application for removal and motion to remand put into issue parts of two particular provisions. With portions here in controversy, infra, emphasized, they are as follows:

"Section 1471    Jurisdiction

\*       \*       \*       \*       \*       \*

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have *original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or to cases under title 11.*

---

1. *In the Matter of the Adoption by the Judges of the Bankruptcy Court of Local Rules of Bankruptcy Practice*, United States Northern District Court of New York, Sept. 30, 1980.

2. As stated by the Advisory Committee on Bankruptcy Rules, Administrative Office of the United States Courts, the Suggested Interim Bankruptcy Rules, distributed in August of 1979, were "binding in law only to the extent that they *are adopted* as local bankruptcy rules or are made applicable to a particular case *by a bankruptcy judge* in the exercise of the judicial function." (Emphasis added). Contrast, *In re McCallum*, 7 B.R. 76, 6 Bankr.Ct.Dec. 1223 (Bkrtcy.C.D.Calif.1980) (That court strictly enforced time limitations of its *adopted* Rule 7004).

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall *exercise all* of the jurisdiction conferred by this section and on the district courts." 28 U.S.C. 1471(b) and (c).

and,

"Section 1478  Removal to the bankruptcy court

(a) *A party may remove any claim or cause of action*, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such government unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, *if the bankruptcy courts have jurisdiction over such claim or cause of action.*

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable or otherwise." 28 U.S.C. 1478.

The expansion of the bankruptcy court's jurisdiction is clearly one of the significant changes created by the Bankruptcy Reform Act of 1978. In fact, the new jurisdiction of the bankruptcy court expands from the old confines of *in rem* proceedings to new boundaries that are "all encompassing, limited only by whether the civil proceeding arises under, arises in, or is *related to*, the Title 11 case." (Emphasis added) 1 Collier on Bankruptcy, para. 3.01, p. 3–49 (15th ed. 1979); see, 28 U.S.C. 1471(b) and (c). The jurisdiction of the bankruptcy court and the state courts is concurrent as to civil proceedings arising in or related to cases under Title 11. *In re Williams*, 3 B.R. 401 (Bkrtcy.N.D.Ga.1980). It has been said, "Conceptually, there is no limit to the reach of this jurisdiction, insofar as the matter 'arising in or (is) related to' the title 11 case." 1 Collier on Bankruptcy, supra, p. 3–49.

The Association's second contention is that the claims asserted against the Non-

Debtor are not claims or a cause of action over which a bankruptcy court has jurisdiction. The claim or cause of action clearly does not arise under Title 11 (hereinafter, the Bankruptcy Code), but this Court must analyze whether the claim or cause of action against the Non-Debtor "arises in or (is) related to cases under Title 11." (Parentheses added) 28 U.S.C. 1471(b).

The fundamental question of relation to a case under the Bankruptcy Code is whether the determination of the claims against the Non-Debtor will or will not effect the Debtor's assets and/or liabilities as they existed at the date of the petition and its bankruptcy schedules. The criterion to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have *any effect upon the estate* being administered in bankruptcy. 1 Collier on Bankruptcy, supra p. 3–49. Within the aforesaid guidelines, this Court now looks to the nature of the claims against the Non-Debtor in order to discover if there is a jurisdictional nexus.

The cause of action against the Non-Debtor is premised on Section 198–c. of the New York Labor Law. N.Y.Lab. Law, Sec. 198–c., Supp. (McKinney 1981). That New York statute is a criminal statute whose violation constitutes a misdemeanor and carries with it criminal sanctions. *The People of the State of New York v. Topping Brothers, Inc. (and Charles Gibson)*, 79 Misc.2d 260, 261–62, 359 N.Y.S.2d 985 (Crim.Ct. City of N.Y., N.Y.Co.1974); *Goldstein v. Mangano*, 99 Misc.2d 523, 417 N.Y. S.2d 368 (Civ.Ct. City of N.Y., Kings Co. 1978). The section does not create a financial debt between private individuals, but rather a duty to the People of the State of New York. *The People of the State of New York v. Topping Brothers, Inc. (and Charles Gibson)*, supra, 79 Misc.2d at p. 262, 359 N.Y.S.2d 985. Yet, the New York courts have implied a civil cause of action for damages under Section 198–c. *Johnson v. Clay Partition Co., Inc. (and Rubin Zimmerman)*, 93 Misc.2d 414, 402 N.Y.S.2d 912 (Sup.Ct.N.Y.Co.1977), *aff'd*, 65 App.Div.2d

737, 411 N.Y.S.2d 189 (1st Dep't. 1978); *Excavators Union Local 731 Welfare Fund et al. v. Zurmuhlen*, 68 App.Div.2d 816, 414 N.Y.S.2d 140 (1st Dep't. 1979). So, it is clear that the Association's civil cause of action for monetary damages is viable although premised on Section 198–c. of the New York Labor Law.

For purposes of relation to this Title 11 case, it is important to analyze the nature of the implied civil cause of action now filed against the Non-Debtor. The New York statute[3] appears to be that state legislature's judgment to partially dissolve the separate legal entity embodied in a corporation[4] and to apply criminal liability to particular corporate officers. A New York appellate court states that the statute

"... was enacted for the protection of workers in order to *guarantee* that they *would receive* their *fringe benefits*... The purpose of the statute was to place the *responsibility for* enforcing *corporate compliance* upon the president, secretary, treasurer or other officers exercising corresponding functions." (Emphasis added) *Excavators Union Local 731 Welfare Fund et al. v. Zurmuhlen*, supra, 68 App. Div.2d at 816, 414 N.Y.S.2d 140.

Although a corporate entity is statutorily separate and distinct from the legal personalities of those who own and manage the corporation, it is still a creature of statutory law and is subject to legislative abrogation. See, e. g., N.Y.Bus.Corp. Law, Sec. 719 and 720.

■ The Association admits it incurred but a single wrong or injury. That injury or wrong is the neglect of performance of the contractual duties under the Debtor's collective agreement. The Association pleads a cause of action against the Non-Debtor which is identical to the cause of action held against the Debtor and seeks identical damages.[5] This Court concludes that an implied civil cause of action for damages under Section 198–c. is nothing more than a "quasi" or "implied in law" contract[6] action. By virtue of statute and judicial implication, it appears the co-defendants, Corporate Debtor and Non-Debtor, are jointly and severally liable[7] on the singular collective bargaining agreement. As joint obligors, this cause of action against the Non-Debtor is well within the

**3.** New York Labor Law "Section 198–c. Benefits or wage supplements

1. In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of this title. Whether such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.

2. As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

**4.** See, 11 N.Y.Jur.Rev., "Corporation," Sec. 10.

**5.** The monetary damages of $7,622.69 declared against the Non-Debtor are from the total of (1) dishonored corporate checks of the Debtor ($6,095.96), and (2) the outstanding contributory obligations to the National "SASMI" and "Pension" funds ($1,526.73). Both obligations derive from the collective bargaining agreement (contract) with the Debtor. These exact amounts already are listed in the Debtor's bankruptcy schedule A–1, "CREDITORS HAVING PRIORITY".

**6.** See, 9 N.Y. Jr., "Contracts", Sec. 4, pp. 524–25 and cases cited.

**7.** To date, the New York courts have not awarded damages under the implied civil cause of action against a corporate officer beyond the amount incurred by breach of the contractual terms. See, *Johnson v. Clay Partition Co., Inc. (and Rubin Zimmerman)*, and *Excavators Union Local 731 Welfare Fund et al., v. Zurmuhlen*, supra. In the case of *Excavators Union Local 731 Welfare Fund et al.*, the New York appellate court treated a Union's successful levy on the corporation's assets as warranting a setoff credit to the defendant-corporate officer's total monetary damages due and owing to the Plaintiff-Union. That court appears to have treated the singular amount of damages owing under the corporation's contract as a liability of both the officer and the corporation.

jurisdictional nexus of a "claim or cause of action" related to a Title 11 case.

## II.

This Court rejects the Association's contention that removal by the Non-Debtor was improper because the claims against the Non-Debtor are "nonremovable, separable controversies." First, the concept of "separable controversies" for the purposes of removal to a federal district court was abandoned in that a fragment of a cause of action can no longer furnish a basis for removal. 1A (Part 2) Moore's Federal Practice, para. 0.162(1), p. 621 (2nd ed. 1974). Second, the Association argues from the text of the well recognized Collier on Bankruptcy, supra, para. 3.01, at pp. 3–67 to 68. Unfortunately, the treatise's content has been cited incompletely. That treatise makes a comparative analysis to 28 U.S.C. 1441(c), the United States district court removal statute, to clarify the meaning of "claims" or "causes of action" as it appears in the bankruptcy removal statute, 28 U.S.C. 1478.

> The treatise states, and this Court quotes, "This same type of reasoning will define what are 'claims' and 'causes of action' for purposes of Section 1478(a). Thus, where a plaintiff seeks to recover damages for a *single wrong*, arising from an interlocked series of transactions, and sues several defendants, whether the claimed liability is joint, joint or several, several, or in the alternative, he is *not suing* on 'separate and independent' claims which warrant removal under 28 U.S.C. 1441(a), and thus would *not warrant anything less than the removal of the entire proceeding under Section 1478*. On the other hand, where two or more defendants *individually act* in such a manner *that each has invaded a separate right of the plaintiff and thereby causes as many wrongs*, the plaintiff has multiple claims against the several defendants individually; and although plaintiff joins the defendants in one action, on the basis of a common question of law or fact, the claims are separate and independent within the intendment of sections 1441(a) and 1478(a). Or, stated differently, where a plaintiff sues to enforce two or more *distinct rights* or to redress *their* invasion, he has as many causes of action and although modern procedure permits him to and he does join the various defendants, because of the presence of a common question of law or fact, plaintiff's claims are separate and independent for removal purposes." (Emphasis added) 1 Collier on Bankruptcy, para. 3.01, p. 3–69 (15th ed. 1979).

In accordance with the Association's own argument, this Court finds that a *single injury or invasion of rights* has occurred, a breach of the Debtor's contractual duties to the Association. The Court finds no separate claim or cause of action against the Non-Debtor to exist.

Assuming, arguendo, that a separate, distinct, and unrelated cause of action has arisen against the Non-Debtor, one Bankruptcy Judge and a law professor have stated that jurisdiction might be retained by a bankruptcy court without "direct" relation to the Title 11 case. They invoke the judicial doctrine of ancillary jurisdiction. See, *In re Griffith*, 6 B.R. 750, 5 Bankr.Ct.Dec. 473, at 474, 2 C.B.C.2d 387 (Bkrtcy.D.N.M. 1980); Kennedy, *The Bankruptcy Court Under the New Bankruptcy Law: Its Structure, Jurisdiction, Venue, and Procedure*, 11 St. Mary's L.J. 251, at 287, fn. 144 (1979). After observing no express or implicit bar in the Bankruptcy Code's statute or legislative history to the concept of ancillary jurisdiction, the *Griffith* court, in dicta, stated, "The same considerations which led to the formulation and adoption of that concept in the district courts seem equally applicable here . . ." *In re Griffith*, supra, 6 B.R. 750, 5 Bankr.Ct.Dec. at 474.

## III.

The Association's fourth contention is another argument by analogy to the district court's removal statute. The Association argues that a general rule governing removal is "that all defendants who may properly join in the removal petition must

join. The failure of all defendants (in this case, the Debtor) to join in the petition renders the removal improvident." (Parentheses added) (Association's memorandum, p. 14). The cases cited for this proposition deal exclusively with 28 U.S.C. 1441, 1442, and 1446, not the *new* statute which exclusively governs removal to the bankruptcy courts. It must be pointed out that the bankruptcy removal statute, reads explicitly:

"*A party* may remove any claim or cause of action . . . *if the bankruptcy courts have jurisdiction* over such claim or cause of action." (Emphasis added) 28 U.S.C. 1478(a).

This wording is in direct contrast to the statute governing removal to the federal district courts. It reads:

" . . . (A)ny civil action brought in a State court of which the district courts . . . have original jurisdiction, may be remand by the *defendant or the defendants,* to the district court . . . " (Emphasis added) 28 U.S.C. 1441(a).

The marked difference between these two removal statutes is clear and they are in no way congruent or analogous on this specific point concerning persons eligible to file for removal. Reading "any party" to mean "defendant" or "debtor" would defeat any efforts of a trustee in bankruptcy to remove civil proceedings instituted by the Debtor prior to his filing a petition. This potential for delay in adjudicating the estate is antithetical to the policy of an "expeditious" bankruptcy proceeding, see, *In re Project Oneco, Inc.,* 3 B.R. 284, 285, 6 Bankr.Ct.Dec. 72 (Bkrtcy.D.Colo.1980), and the new expanded jurisdiction of this Court. The ability of "any party" to remove a state court civil proceeding is one major difference between Section 1478(a) and 28 U.S.C. 1441. 1 Collier on Bankruptcy, supra, para. 3.01, p. 3–63, in accord, *In re Project Oneco, Inc.,* supra.

IV.

■ Among the types of equitable considerations [8] relevant to a decision to remand under 28 U.S.C. 1478(b) are: (1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally, e. g., a Court of Claims, or the United States Customs Court.

Upon the facts and circumstances of this bankruptcy proceeding, there appear equitable considerations to deny this motion to remand as follows:

1. The proof to substantiate claims in issue against the Debtor under Section 507(a)(4) will be identical to that proof required to hold the Non-Debtor liable under Section 198–c. of the New York Labor Law but for the singular element of a default period in existence for thirty days. This duplicative and uneconomical use of judicial resources is clear.

2. The New York state-court proceedings' Answer for both the Non-Debtor and Debtor join the Bank pursuant to the New York Civil Practice Law and Rules, Section 3019(d). Therefore, the Bank would be forced to litigate the same issue of wrongful dishonor in two forums if sever and remand of the civil action against the Non-Debtor were granted. That occurrence is both duplicative and susceptible to inconsistent results upon the same party.

3. Any records pertinent to the Non-Debtor's defense are property of the Debtor and are now in the custody of the Trustee in bankruptcy. Remanding to the state court would be imposing a forum of non conveniens.

---

8. See, e. g., *In re Brothers Coal Company, Inc.,* 6 B.R. 567, 6 Bankr.Ct.Dec. 1066, 1069 (Bkrtcy. W.D.Va.1980); *In re Calabria,* 5 B.R. 73, 75, 6 Bankr.Ct.Dec. 441 (Bkrtcy.D.Conn.1980); *In re Griffith,* supra; 1 Collier on Bankruptcy, supra, para. 3.01, p. 3-80.

In accordance with the aforesaid legal principles and their application, this motion to remand by the Association is denied in its entirety.

IT IS SO ORDERED.