**In re MS. KIPPS, INC. and Kay Kipps, Ltd., Debtors.**

**Bankruptcy No. 83 B 10686.**

United States Bankruptcy Court, S.D. New York.

Nov. 2, 1983.

Levin & Weintraub, New York City, for debtor.

Chaikin & Chaikin, New York City, for Union.

## MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Ms. Kipps ("MK") and Kay Kipps ("KK"), debtors ("Debtors"), have moved by order to show cause to stay the New York Coat, Suit, Dress, Rainwear and Allied Workers' Union, I.L.G.W.U. (The "Union") from pursuing a suit in state court ("State Court Action") against the Debtors' president, Feinberg, for KK's failure to make certain employee benefit contributions.

After a hearing, and upon the papers submitted, the Court will stay the Union from proceeding with the State Court Action for the reasons set forth below.

### Background

Ms. Kipps and Kay Kipps, manufacturers of women's clothes, filed Chapter 11 petitions for reorganization on May 6, 1983. See 11 U.S.C. §§ 301, 1101 *et seq.* Both companies have continued their operations as debtors in possession. Among the debts owed by KK are certain employee benefit contributions, approximately $9,500.00 of which is owed to the Union. The debtors concede that such benefits are entitled to priority under Bankruptcy Code section 507(a)(4). Debtor's Order to Show Cause Application ¶ 3 (August 16, 1983).

By a summons dated August 1, 1983 and a complaint dated August 4, 1983, the Union instituted a law suit against Mr. Feinberg. In that suit, the Union asserted that pursuant to New York State Labor Law, N.Y.Labor Law § 198–c (McKinney 1983) Mr. Feinberg is personally responsible for the unpaid fringe benefit contributions and that Mr. Feinberg has guaranteed notes for the payments as well. The Union's claim against Mr. Feinberg amounts to $8,820.00.

The Debtors maintain before this Court that the debt owed by KK to the Union is "inextricably intertwined" with the Union's claims against Mr. Feinberg and that the State Court Action is simply a device to circumvent the automatic stay of Bankruptcy Code section 362. Kipps also asserts that the State Court Action, if not stayed, will deflect Mr. Feinberg's efforts from the reorganization. The Union argues that the Court may not protect non-debtors. Further, the Union states the State Court Action, will not adversely affect the bankruptcy estate or the reorganization effort. Finally, the Union alleges that prompt payment of wages and fringes should outweigh the Debtors interests.

### Issue

The issue before this Court is whether the stay under section 362 afforded a debtor in a reorganization proceeding may be extended to the debtor's principal.

### Discussion

#### A. Jurisdiction

■ The bankruptcy court has jurisdiction to hear all proceedings related to a case filed under the Bankruptcy Reform Act of 1978 ("Code"). See 28 U.S.C. § 1471; Emergency Rule I (S.D.N.Y. December 1982); 11 U.S.C. § 101 *et seq.* (1982).

This jurisdictional grant extends to any matter which may have any affect on the bankruptcy case. See *In re U.S. Air Duct,* 8 B.R. 848, 851 (Bkrtcy.N.D.N.Y.1981); *In re Brothers Coal Co., Inc.,* 6 B.R. 567 (Bkrtcy. W.D.Va.1980); 1 *Collier on Bankruptcy* P3.01[1][e] (15th ed. 1983). It may also extend to non-debtor third-parties, including guarantors and principals of the debtor. See *In re Brothers Coal Co., Inc.,* 6 B.R. at 571–2 (principal-guarantor); *In re U.S. Air Duct Corp.,* 8 B.R. at 852–3 (principal); *In re Brentano's, Inc.,* 27 B.R. 90, 92 (Bkrtcy.S. D.N.Y.1983) (guarantor); *In re Lucasa International, Ltd.,* 6 B.R. 717 (Bkrtcy.S.D.N. Y.1980) (guarantor).

Indeed, *In re U.S. Air Duct Corp.* presents a nearly identical situation to the issue at hand. In *U.S. Air Duct* a union had sued a debtor's president in state court pursuant to the same statute, Labor Law section 198–c. After the state court action was removed to the bankruptcy court, Judge Marketos, denying a motion to remand, determined that the bankruptcy court had jurisdiction and that based on equitable considerations, remand was inappropriate.

Here, the Union seeks to distinguish *U.S. Air Duct,* arguing that the sole issue was remand, not a stay. However, this Court has noted that removal of a state court action, in effect, acts as a stay. Thus similar principals regarding remand will determine whether the court should stay a state court proceeding. *In re Comtek Electronics, Inc.,* 23 B.R. 449, 451–2 (Bkrtcy.S.D.N.Y.1983) (J. Galgay) (no jurisdictional issue addressed in that case; after considering equitable considerations, remand granted on facts of that case).

The debt for which the Union has sued Mr. Feinberg arises from the Debtors' failure to pay employee benefits. The Debtors and a non-debtor are jointly and severally liable but there is but one wrong, one injury and one recovery. *In re U.S. Air Duct Corp.,* 8 B.R. at 852–53 (for extensive analysis of Labor Law section 198–c actions). The Union's action is inextricably intertwined with the claim against and liability of the debtor. *See Federal Life Insurance Co. v. First Financial Group of Texas, Inc.,* 3 B.R. 375 (S.D.Tex.1980). This Court has jurisdiction over the suit by the Union against Mr. Feinberg.

### B. *Staying the State Court Action*

Code section 105 authorizes this Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Equitable considerations will determine whether such an order will issue. *See In re U.S. Air Duct, Inc.,* 8 B.R. at 854; *In re Brentano's, Inc.,* 27 B.R. at 92.

In this case, issuance of a stay is necessary and appropriate. First, the Union claims are based on the failure to pay employee benefits. The proof required to substantiate claims against the Debtors

"will be identical to that proof required to hold the non-debtor liable under Section 198–c of the New York Labor Law but for the singular element of a default period in existence for thirty days. This

duplicative and uneconomical use of judicial resources is clear."

*In re U.S. Air Duct Corp.,* 8 B.R. at 854.

Second, both debtors-in-possession are continuing in operation with Mr. Feinberg in charge as their president. Requiring him to maintain a defense in another forum will necessarily detract from his efforts to operate and rehabilitate the debtor corporations.

Third, the Union's argument concerning the strong public policy in favor of paying employee benefits can be addressed in this Court. *See In re U.S. Air Duct Corp.,* 8 B.R. 848 (Bkrtcy.N.D.N.Y.1981). Priority status accorded to the employee benefits claim will serve that same public policy concern. Further, if the Debtors fail to pay such employee benefits during the chapter 11 proceeding, the Union can bring on a motion to compel payment of such administration expenses.

*Conclusion*

Based on the foregoing reasoning, this Court stays the Union from continuing its State Court Action.

It is so ordered.