In re DESTRON, INC., Debtor.

CHURCHILL CABINET CO., an Illinois Corporation, Plaintiff,

v.

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Defendant.

Bankruptcy No. 83 B 7380.
Adv. No. 83 A 2720.

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 10, 1984.

Abraham H. Goldman, Marena L. McPherson, Chicago, Ill., for plaintiff.

William J. Reifman, Danuta Bembenista Panich, Mayer, Brown & Platt, Margaret E. Garms, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard upon a motion to dismiss filed by defendant, Continental Illinois National Bank and Trust Company of Chicago, challenging the subject matter jurisdiction of this court to entertain the instant adversary proceeding filed by plaintiff, Churchill Cabinet Co. The court concludes that it may properly exercise subject matter jurisdiction over this proceeding, and accordingly, defendant's motion to dismiss will be denied.

## STATEMENT OF FACTS

The allegations of plaintiff's complaint which, for purposes of this motion are taken as true, disclose that the debtor, Destron, Inc., sought to expand its operations in 1982 through acquisition of two subsidiary corporations, together with the right to manufacture certain coin-operated video games held by those acquired corporations. Plaintiff, a manufacturer of wood cabinets used to enclose video games, learned of debtor's expansion plans in May of 1982.

Prior to that time, plaintiff permitted debtor to maintain a running credit balance of $50,000 on its account for delivered product. When plaintiff learned that the defendant was funding the expansion of debtor's operations, plaintiff contacted the loan officer responsible for debtor's account, and inquired regarding defendant's loan commitment to debtor.

Plaintiff was informed that defendant had provided a "substantial loan" to debtor, to finance its acquisition of the two subsidiary video game corporations. Defendant further represented to plaintiff that it "would continue to provide working capital and such loans to [debtor] as would be necessary to finance the development of [debtor's] expanded manufacturing enterprises." Plaintiff was advised " 'not to worry' about the future capability of [debtor] to meet its obligations for parts and materials as the [defendant bank] would provide continuing working capital to finance [debtor]."

Based upon these representations, plaintiff increased debtor's credit allowance from $50,000, in May of 1982, to $123,000, by June of 1983. Then, it is alleged that defendant failed "to perform on promises" made to plaintiff and debtor, causing the injury complained of (i.e. debtor's inability to pay plaintiff's unsecured claim).

In Count I, plaintiff seeks damages for defendant's breach of an alleged oral contract with plaintiff, to provide working capital to debtor. Alternately, plaintiff suggests that it was a direct third party bene-

ficiary of the financing agreement between defendant and debtor. Upon either theory, plaintiff seeks between 73,000 and 123,000 actual damages (representing its unpaid account with debtor), plus costs of suit.

In Count II, plaintiff contends that defendant breached a tort duty of care allegedly owed plaintiff, when it made "unconditional promises and guarantees" to fund debtor's expansion, which it thereafter failed to honor. Plaintiff requests punitive and actual damages of $300,000 plus costs, occasioned by its reasonable reliance upon the representations made by defendant in May of 1982.

Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 13, 1983. Its schedules disclosed assets of $3,320,707.63 against liabilities of $3,565,648.92, including unsecured debt of $1,395,945.88. Plaintiff's claim against debtor in the amount of $123,554.25 itself amounts to approximately 9% of the total unsecured debt. In addition, the court takes judicial notice that another creditor of debtor, the Allor Corporation, has also filed an adversary proceeding against defendant, docketed in this court as no. 83 A 2563, which complaint contains allegations which are substantially similar to those raised by plaintiff herein. Allor Corp. filed a proof of claim in debtor's Chapter 11 proceeding, which evidenced its unsecured claim of $76,122.14 against debtor.

## DISCUSSION

■ In support of its motion to dismiss, defendant contends that plaintiff's complaint represents a private dispute between plaintiff and defendant, which involves neither the debtor nor any property of debtor's estate. Plaintiff, in response, observes that any recovery realized from its complaint against defendant would be set off against its unsecured claim against debtor's estate. For this reason, plaintiff contends that its complaint is a related proceeding over which this court may exercise subject matter jurisdiction. The court agrees.

The general grant of jurisdiction over cases and proceedings arising under the Bankruptcy Code was codified at section 1471 of title 28 of the United States Code. Jurisdiction over bankruptcy cases and related civil proceedings was initially vested in the United States District Court. However, the bankruptcy court in each district was to "exercise all of" the district court's jurisdiction over bankruptcy matters. 28 U.S.C.A. Section 1471(a), (c) (Supp.1983). After this statutory reference of bankruptcy jurisdiction to the bankruptcy courts was held unconstitutional by the Supreme Court's plurality decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the nation's bankruptcy court system continued to operate under local district court rules patterned after a model rule drafted by the United States Judicial Conference [the General Order]. This court's exercise of subject matter jurisdiction over debtor's Chapter 11 case and the present adversary complaint is derived from the General Order. *See In re Zaleta*, 29 B.R. 489, 490 (Bkrtcy.S.D.Fla. 1983).

The framework under which this court may exercise subject matter jurisdiction over bankruptcy matters under the General Order differs in several important respects from former practice under section 1471(c). Nonetheless, it has been held that the original jurisdiction vested in the *district court* over bankruptcy cases and proceedings was unchanged by the Supreme Court's *Marathon* decision. *See In re Hansen*, 702 F.2d 728, 729 (8th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983). That court may, under the auspices of the General Order, authorize the bankruptcy court to exercise its original jurisdiction over the full breadth of bankruptcy matters, including related proceedings permitted by the Bankruptcy Code.

■ There are limits, of course, to the statutory power of federal courts over civil proceedings which do not directly arise under Title 11 of the United States Code.

The bankruptcy court may, however, exercise subject matter jurisdiction over civil proceedings which do not involve the debtor as a party, so long as the outcome of such proceedings could affect the assets or liabilities of the debtor's estate. *In re Hall*, 30 B.R. 799, 802 (M.D.Tenn.1983); *United Coal Co. v. Hoyer*, 29 B.R. 1019, 1022 (W.D.Va.1983); *In re General Oil Distributors, Inc.*, 21 B.R. 888, 892 n. 13 (Bkrtcy.E.D.N.Y.1982); *In re Wesco Products Co.*, 19 B.R. 908, 909 (Bkrtcy.N.D.Ill. 1982) (if action against non-debtor will affect debtor's schedules of assets or liabilities filed in the bankruptcy case, such action is a "related proceeding" over which bankruptcy court may exercise jurisdiction). Civil actions prosecuted by a creditor against a debtor's guarantor have been held to be "related proceedings," within the contemplation of the Bankruptcy Code. *In re The Metal Center, Inc.*, 31 B.R. 458, 460 (Bkrtcy.D.Conn.1983); *In re Brentano's, Inc.*, 27 B.R. 90, 92 (Bkrtcy.S.D.N.Y.1983); *In re Hartley*, 16 B.R. 777, 780 (Bkrtcy.N. D.Ohio 1982); *In re Brothers Coal Co., Inc.*, 6 B.R. 567, 572 (Bkrtcy.W.D.Va.1980). So too, are civil proceedings involving one or more joint obligors on a debt which is asserted against the estate, where the plaintiff's claim against a non-debtor, if established, would necessarily diminish the plaintiff's claim against the debtor's estate. *In re Ms. Kipps, Inc.*, 34 B.R. 91, 93 (Bkrtcy.S.D.N.Y.1983). In the instant case, plaintiff's claim against the defendant bank falls within the latter catagory of related proceedings, over which this court may exercise subject matter jurisdiction.

Without ruling on the sufficiency of plaintiff's complaint to state a cause of action, which matter is not before the court at this time, it is recognized that plaintiff might recover contract damages from defendant, under Illinois law, depending on the elements of proof established at trial. *Lusk v. Throop*, 189 Ill. 127, 132–33, 59 N.E. 529, 531 (1901); *Swartzberg v. Dresner*, 107 Ill.App.3d 318, 324, 63 Ill.Dec. 211, 216, 437 N.E.2d 860, 865 (1982); *Duzenbery v. Nimmo*, 228 Ill.App. 448, 452–53 (1923). Also, plaintiff might obtain recovery upon a theory of promissory estoppel. *R.S. Bennett & Co., Inc. v. Economy Mechanical Industries, Inc.*, 606 F.2d 182, 187–88 (7th Cir.1979); *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 57 Ill.2d 120, 124–125, 311 N.E.2d 138, 140 (1974) (complaint stated a cause of action in promissory estoppel for enforcement of parol agreement). *But See Sinclair v. Sullivan Chevrolet Co.*, 31 Ill.2d 507, 510, 202 N.E.2d 516, 518 (1964); *Ozier v. Haines*, 411 Ill. 160, 165, 103 N.E.2d 485, 488 (1952) (equitable estoppel rather than promissory estoppel is required to overcome defense of statute of frauds to parol agreement).

In either case, the measure of plaintiff's actual damages would be defined and limited by the extent of its unsecured claim against debtor's estate. Any recovery received by plaintiff from defendant would reduce plaintiff's unsecured claim against the debtor's estate. Likewise, any dividend received by plaintiff from the debtor's estate would directly reduce the actual damages which it could recover from defendant under its complaint.

Under these circumstances, plaintiff's adversary complaint against defendant is viewed as a related proceeding under Title 11, over which this court may properly exercise subject matter jurisdiction. *In re Ms. Kipps, Inc.*, 34 B.R. 91, 93 (Bkrtcy.S.D. N.Y.1983). Defendant's motion to dismiss this related proceeding is denied.

WHEREFORE, IT IS HEREBY ORDERED that the motion to dismiss filed by defendant Continental Illinois National Bank & Trust Co. of Chicago is denied.