**In re William J. WALTON, Joyce D. Walton, Debtors.**

**Bankruptcy No. 92–30440.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 2, 1993.

944

Malcolm Goodman, Marion, OH, Trustee.

William Clark, Findlay, OH, John J. Hunter, Jr., Toledo, OH, Bernard Bauer, Findlay, OH, for AG Credit.

Reginald Jackson, Toledo, OH, for Charles Bartholomew.

Charles Bartholomew, Pros. Atty., Upper Sandusky, OH, for Wyandot County.

## OPINION AND ORDER DENYING REQUEST FOR CONTEMPT OF COURT AND ORDERING RECEIVER TO TURNOVER FUNDS TO BANKRUPTCY TRUSTEE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon William and Joyce Walton's (the "Debtors") pleading "Entry Alternative Recusal re Common Pleas Court Case No. 90–CV–89" filed with this Court on March 16, 1993. The Debtors alleged that a number of parties were in contempt of this Court for violation of the automatic stay under 11 U.S.C. § 362. These parties include the Prosecuting Attorney for Wyandot County, a state court appointed receiver, a creditor of the estate and its attorneys, and the trustee in bankruptcy. Upon consideration of the evidence adduced at the hearing, the Court finds that Debtors' request for a finding of contempt against Charles Bartholomew, William Clark, Ag–Credit, ACA, John Hunter, Jr., Bernard Bauer, and Trustee Malcolm Goodman is not well taken and should be denied.

### FACTS

On December 30, 1991, Debtor Joyce Walton filed a voluntary petition under chapter 7 of title 11. Joyce Walton's husband, Debtor William Walton filed a voluntary petition under chapter 7 of title 11 on February 10, 1992. These cases were consolidated on Debtors' request on March 13, 1992, and all further entries docketed on Case No. 92–30440.

The Wyandot County Court of Common Pleas had previously set aside certain

transfers of Debtors' property as fraudulent under O.R.C. § 1336.04 in Case Number 90–CV–89 ("the State Court Action"). The Wyandot County Court of Common Pleas prohibited Debtors and Wheatley Corporation, a corporation which was determined to be a fraudulent transferee in the State Court Action, from transferring any assets or property until further court order and appointed a receiver to take charge of any proceeds obtained by Wheatley. William Clark ("Clark") was appointed receiver.

This Court granted creditor Ag–Credit, ACA's ("Ag–Credit") application for abandonment and an annulment of the automatic stay for certain real property which had been determined to be property of the Debtors in the State Court Action on April 10, 1992. The Court found that the Debtors had no equity in the property. Additionally, this Court dismissed Joyce Walton's allegations of contempt for violation of the automatic stay against Clark and Ag–Credit. *See* Opinion and Order Granting Application for Abandonment and Motion for Relief from Stay of Ag–Credit, ACA dated April 10, 1992 ("Abandonment Order").

On August 6, 1992, this Court issued an opinion denying the Debtors' demand for protection under the Farm Credit System Act in the real property which had been the subject of the Abandonment Order because the Court lacked jurisdiction over this matter under title 11. *See* Opinion and Order Denying Debtors' Demand for Protection Under Farm Credit System Act.

On February 18, 1993, this Court denied Debtors request to void the sale of the land which was the subject of the Abandonment Order because the Debtors did not file an adversary proceeding as required. *See* Order Denying Request for Order to Avoid Sale.

In this proceeding, Debtors allege that certain parties are in contempt of this Court for violation of the automatic stay. The parties include Clark, Ag–Credit, John Hunter, Jr. ("Hunter") and Bernard Bauer ("Bauer"), attorneys for Ag–Credit, Charles Bartholomew, Prosecuting Attorney for Wyandot County ("Bartholomew") and Malcolm Goodman, trustee of the Debtors' bankruptcy estate ("the Trustee"). These parties have allegedly violated the automatic stay provisions of 11 U.S.C. § 362 in regard to property held by Clark including approximately $10,000 in cash which is claimed to be the property of the Wheatley Company, $555 in cash representing the proceeds from the sale of a corn head and $130 in stock dividends made payable to Debtors. Debtors claim that they possess no interest in any of these assets. Debtors do claim an interest in a state tax refund check payable to William Walton for $920 (the "Refund") which is held by Clark, however, it was not listed as an asset on Debtors' bankruptcy schedules.

## DISCUSSION

Though the subject matter jurisdiction of the bankruptcy courts is broad, this jurisdiction does not extend to property which is not "property of the estate" under 11 U.S.C. § 541. Section 541 of the Bankruptcy Code provides that the bankruptcy estate includes substantially "all legal or equitable interests of the debtor in property as of the commencement of the case". *See* 11 U.S.C. § 541. William Walton stated at the evidentiary hearing that the Debtors did not own nor did they have an interest in the $10,000 held by Clark which, according to William Walton, represents property of the Wheatley Company. William Walton stated that the Debtors had no interest in the proceeds from the sale of a corn head held by Clark in the amount of $555. William Walton stated at the hearing that these funds were the property of Steven Walton. Further, William Walton stated that Debtors claim no interest in the stock dividend checks made payable to Debtors totaling $130.

A review of 28 U.S.C. § 157(b) clearly indicates that an action to recover property in which the Debtors have no interest does not represent a core proceeding. Further, under 28 U.S.C. § 157(c)(1), an action to recover property in which the Debtors have no interest does not represent a proceeding which is "otherwise related to" a case un-

der the Bankruptcy Code. *See* 11 U.S.C. § 157(c)(1). Even under the most expansive reading of "related to" under § 157(c)(1), Debtors' claim to recover funds in which they have no interest would not "'conceivably have any effect upon the estate being administered in bankruptcy'". *Kelly v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626, 634 (6th Cir.1986) (quoting *Mazur v. U.S. Air Duct Corp.*, 8 B.R. 848, 851 (Bankr.N.D.N.Y.1981)). This Court has no subject matter jurisdiction over funds held by Clark which purportedly represent proceeds from sale of the property of the Wheatley Company and Steven Walton. Additionally, this Court has no subject matter jurisdiction over the stock dividends made payable to William and Joyce Walton in which Debtors claim no interest.

**THE REFUND CHECK**

■ This Court finds that Debtors' motion for contempt against Bartholomew is not well taken. Debtors have alleged that Bartholomew willfully violated the automatic stay by proceeding against the Refund held by Clark. Section 362(h) of the Bankruptcy Code provides damages for willful violations of the automatic stay. *See Archer v. Macomb County Bank*, 853 F.2d 497 (6th Cir.1988) (finding willful violation where bank attempted foreclosure on debtor's real property despite bank's receiving automatic stay notice from court and demands from debtor's attorney to cease foreclosure). Bartholomew stated he had no knowledge that any of the funds held by Clark represented property of the estate when he applied to the Wyandot County Court of Common Pleas for payment of the attorney fees of William Walton. Bartholomew's uncontradicted testimony stated that the Trustee informed Bartholomew that the Debtors' estate had no claim against the funds held by Clark. Bartholomew's application to Clark for payment of attorney fees, therefore, cannot be characterized as willful. Further, the Sixth Circuit has held that "speculative evidence and mere conjecture" will not support an award of actual damages. *Archer*, 853 F.2d at 499. Since the state court denied Bartholomew's claim against the funds held by Clark, the Debtors were not damaged by Bartholomew's actions. Therefore, the Debtor's request for a finding of contempt against Bartholomew is denied.

■ Debtors allegations that Clark willfully violated the automatic stay in violation of 11 U.S.C. § 362 are meritless. Clark's testimony indicated that prior to learning of Debtors' bankruptcy he had attempted to cash the Refund. Upon notice of Debtors' bankruptcy, Clark mailed the Refund to the Trustee. Then, the Trustee returned the Refund to Clark. The Trustee apparently believed that the Refund was subject to liens and should be abandoned to Clark. Clark presently has possession of the Refund in his receivership account. This Court refuses to hold Clark in contempt for his actions in merely receiving the Refund from the Trustee, after the Trustee assured Clark that Debtors' estate had no interest in the Refund. In addition, Debtors have failed to show any damages resulting from Clark's actions.

This Court further finds that Clark is not in contempt of court for failure to turnover the Refund to the Trustee in violation of 11 U.S.C. § 543(b). This section requires a custodian such as Clark to turnover property of the estate to the Trustee. In the instant case, Clark did turnover property of the estate to the Trustee on learning that Debtors' had filed for bankruptcy. Therefore, this Court finds that Clark is not in contempt of this Court for violation of 11 U.S.C. § 543(b).

Debtors have not proved their assertions that Ag–Credit, Hunter and Bauer have violated the automatic stay. Debtors provided no evidence at the evidentiary hearing of post-petition actions taken by Ag–Credit, Hunter or Bauer against the Refund. Further, Debtors provided no evidence that Ag–Credit, Hunter, or Bauer have taken actions against Debtors to collect property of the estate after notice of Debtors' bankruptcy petition. Therefore, this Court finds that Ag–Credit, Hunter and Bauer did not violate the automatic stay.

This Court finds that the Trustee did not violate his duty of care to the bankruptcy estate in either his official capacity as trustee in bankruptcy or in his personal capacity. In *Ford Motor Credit Co. v. Weaver*, the Sixth Circuit stated that "[a] trustee in bankruptcy can be liable in his official capacity or individually". *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 461 (6th Cir.1982). The *Ford* court stated the applicable standard for the trustee acting in the trustee's official capacity as "the exercise of due care, diligence and skill both as to affirmative and negative duties". *Ford*, 680 F.2d at 461 (citations omitted). Mistakes in judgment do not subject the trustee to liability in the trustee's official capacity. *Ford*, 680 F.2d at 461 (citations omitted). The trustee in bankruptcy bears personal liability " 'for acts willfully and deliberately in violation of his fiduciary duties' ". *Ford*, 680 F.2d at 461 (citations omitted). In the instant case, Trustee exercised his professional judgment in transferring the Refund to Clark. The Refund was neither scheduled nor claimed as exempt with specificity as required by the Bankruptcy Code, Rules and official forms. The Trustee stated that he transferred the Refund to Clark believing the Refund was subject to the secured claims of creditors. While this action may represent a mistake in judgment on the part of the Trustee, it does not rise to the level of a breach of the Trustee's fiduciary duty. Further, since there was no showing that this act was "willful" or "deliberate", allegations that the Trustee is liable to Debtors in his individual capacity are without merit.

This Court finds that Clark has a present duty to turnover the Refund to the Trustee for administration as property of the estate pursuant to 11 U.S.C. § 543. Section 554(d) of the Bankruptcy Code provides that "[u]nless the court orders otherwise" property which has not been abandoned after notice and a hearing and which has not been administered in the case "remains property of the estate". *See* 11 U.S.C. § 554(d). Clark is a custodian of Debtors' property who is required to turnover this property to the Trustee under 11 U.S.C. § 543(b). *See* 11 U.S.C. § 543(b).

Although the Debtors did not list the Refund as property of the estate on their bankruptcy schedules, they may be able to claim an exemption in the Refund. Such an exemption would be limited by 11 U.S.C. § 522(g) of the Bankruptcy Code. *See* 11 U.S.C. § 522(g). Debtors must file amended bankruptcy schedules in accordance with Rule 1009, Rules of Bankruptcy Procedure, in order to claim entitlement to a specific exemption.

In summary, this Court finds that Debtors' allegations that various parties were in contempt of this Court for their actions subsequent to Debtors' bankruptcy filing are not well taken. Further, this Court finds that the Refund should be turned over to the Trustee for administration as part of the bankruptcy estate.

Finally, this Court has repeatedly stated that Debtors' abuse of the Bankruptcy Code will not be tolerated. *See* Opinion and Order Denying Reconsideration and Stay dated February 26, 1990 in William J. Walton's previous Bankruptcy Case No. 1–89–03579. Despite this admonition, Debtors have repeatedly tried to relitigate the State Court Action and this Court's Abandonment Order. Debtors have also repeatedly made meritless allegations that various parties have been in contempt of the automatic stay. Title 11 is available for the protection of a debtor seeking relief in good faith. This Court will not use the Bankruptcy Code to provide a haven for Debtors who have filed multiple petitions involving creditors in extensive litigation. The unnecessary consumption of judicial resources in administering Debtors' case will not be condoned. Debtors repetitive pleadings require an expenditure of judicial resources which detract from administration of other pending cases. Therefore, this Court hereby prohibits Debtors from filing further frivolous pleadings with this Court. The good faith requirement of title 11 mandates such prohibition.

In light of the foregoing, it is therefore

**948**

ORDERED that William and Joyce Walton's request for a finding of contempt of this Court against Charles Bartholomew, William Clark, Ag–Credit, ACA, John Hunter, Jr., Bernard Bauer and Trustee Malcolm Goodman pursuant to 11 U.S.C. § 362 be, and hereby is, denied. It is further

ORDERED that William Clark shall turnover the state income tax refund payable to William Walton to Trustee Malcolm Goodman forthwith. It is further

ORDERED that William and Joyce Walton shall cease filing frivolous pleadings with this Court in order to avoid imposition of sanctions.