**In re Ralph Antonio HERRERA and Mary Ruth Herrera, dba Construction Enterprises Excavating, dba Construction Enterprises Excavating, Inc., Debtors.**

**Ralph A. HERRERA, Individually and dba Construction Enterprises Excavating, Plaintiff,**

**v.**

**WEAVER CONSTRUCTION COMPANY, a Colorado corporation; Fireman's Fund Insurance Company, a California corporation; and the Regional Transportation District, a governmental agency created by statutes of the State of Colorado, Defendants.**

Civ. A. No. 83–JM–374.

Bankruptcy No. 81 M 2788.

United States District Court, D. Colorado.

April 15, 1983.

Albert B. Wolf, Wolf & Statkin, Denver, Colo., for plaintiff.

Hugh J. McClearn, Conover, McClearn & Heppenstall, P.C., Denver, Colo., for defendants.

## ORDER

JOHN P. MOORE, District Judge.

THIS MATTER is before me on two procedural bases. First, pursuant to ¶ 3e of General Order 1983–1, Bankruptcy Judge Jay L. Gueck certified to me for review an order in which he concluded the general reference provisions of General Order 1983–1 were invalid. Coincidentally, with the apparent belief that Judge Gueck's order was a final order, Weaver Construction Company initiated an appeal, which was assigned to me upon filing. Because of the pendency of the certification of the order appealed from, I entered an order in this case staying the running of the usual appellate procedures and requiring interested parties to file simultaneous briefs on the issue of the validity of Judge Gueck's order. That issue is now ripe for determination with the appeal and the certification being merged into one proceeding.

The fundamental question to be considered is whether this court has authority to make a general reference of bankruptcy matters to bankruptcy judges following

*Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Judge Gueck concluded *Marathon* has no effect upon the District Court's jurisdiction over matters arising from and related to cases filed under Title 11, United States Code, but he held there was neither statutory nor procedural grounds for General Order 1983–1. I concur with his basic premise; therefore, I shall not here deal with the issue of the District Court's fundamental bankruptcy jurisdiction other than to note that my concurrence is more with the conclusion reached by Judge Gueck than with his reasoning. Leaving unto each day the evils thereof, then, I will focus only upon his other conclusion with which I disagree.

The seminal consideration with which the analysis begins is one which cannot be gainsaid even though it is frequently overlooked. The dilemma visited upon the judiciary by virtue of *Marathon* and the subsequent inaction of the Congress is the root of General Order 1983–1. It is of no little concern that we could face a crisis of constitutional proportions because of the inability of the legislative branch to resolve the underlying jurisdictional void left in the wake of *Marathon.* Despite that potential crisis, however, there is a virtual multitude of debtors and creditors alike who have committed their financial fates to the judiciary for resolution. The needs of those persons and entities must be heeded by a responsible judiciary.

Yet, it is beyond the present capacity of already overburdened district judges to provide a solution without the assistance of the bankruptcy judges, whose expertise, experience, and skills are essential to prompt and adequate resolution of the problem we face. Indeed, at this juncture, no other practical solution exists. Consequently, it is in the mutual interests of the courts and the litigants that judges seek lawful means with which to address the needs of those who now come before us involved with problems of bankruptcy.

Mindful of that purpose, let us examine the issue. Analysis of Judge Gueck's proposed order discloses a basic assumption upon which his analogy is based. He postulates that our General Order 1983–1 transfers the *jurisdiction* of this court to the bankruptcy judges. He then decides since *Marathon* precludes exercise of Article III power by bankruptcy judges, the General Order is invalid for a number of reasons. Unfortunately, the premise upon which Judge Gueck's reasoning is based is faulty.

■ Analytical reading of General Order 1983–1 discloses that it simply vests the bankruptcy judges with the authority to exercise the jurisdiction *of the district court* under the authority and direction of the latter. There has been no effort made to reinvest in the bankruptcy judges jurisdictional authority which they cannot possess and which, in the last analysis, can only be granted by legislative action.

If one recognizes that *Marathon* did not vitiate the jurisdiction of district courts over bankruptcy matters, one must also recognize that this jurisdictional authority comes with all the other powers vested in the district courts. It does not matter how this recognition comes about,[1] what matters here is the existence of that authority. Moreover, it should also be recognized that General Order 1983–1 has created nothing more than the system of reference which existed in bankruptcy law prior to passage of the Bankruptcy Reform Act of 1978. While this court has tailored that system to meet present needs, it should be clear that the system essentially allows the exercise of the district court's jurisdiction by judicial officers who function by reference.

It is unnecessary to consider at length the reasoning employed by Judge Gueck to invalidate the reference of power. As noted already, he assumed an investiture which was not made. He also failed to consider

---

1. Judge Gueck recognized that at least for the present, district courts are "courts of bankruptcy" by statutory definition. Section 404(a). Bankruptcy Reform Act of 1978. As I shall note later, there are other provisions which also demonstrate the breadth of the district court's jurisdiction.

the nature of the emergency this court found and declared in the General Order and the applicability of that finding to the procedural authority contained in Fed.R. Civ.P. 53.[2] When that authority is coupled with the power vested by 28 U.S.C. § 1334 and the general purpose we have sought to achieve, there is an ample legal basis upon which the validity of General Order 1983–1 can be predicated.

This conclusion leaves for consideration only the question whether *Marathon* has voided the expanded district court jurisdiction contained in 28 U.S.C. § 1471(b). That provision grants jurisdiction over matters that fall beyond the pale of 28 U.S.C. §§ 1331 and 1332. In my judgment, the question is decided negatively. *Marathon* simply determined Article I judicial officers are constitutionally incapable of exercising Article III powers. Hence, while the Supreme Court vitiated that much of § 1471 which would permit bankruptcy judges to exercise jurisdiction over civil proceedings related to cases under Title 11, it left the remainder of the section intact. According-

ly, I conclude *Marathon* has not affected the expanded jurisdiction of district courts. *See Braniff Airways, Inc. v. Civil Aeronautics Board,* 700 F.2d 214 (5th Cir.1983).[3] At this juncture, it is important to note that in light of the importance of this issue, I have submitted this order to my colleagues for consideration, and while we do not generally regard ourselves as a collegiate court, I am nonetheless authorized to indicate for future consideration that they approve of my conclusions. Accordingly, it is

ORDERED the certified order of Bankruptcy Judge Jay L. Gueck is disapproved upon his certification thereof and reversed upon appeal and remanded to him for further proceedings in accordance with the conclusions set forth in this order.

---

2. Since this court is merely referring its powers for exercise by the bankruptcy judges, it may grant them so much or so little of that power as the court may choose. Hence, it is not a jurisdictional default that the court has not chosen to grant all of its authority to the bankruptcy court.

3. I recognize that in any given case, other problems affecting jurisdiction may arise, but those matters should be left for determination in light of the facts of the particular case.