**Frank J. KELLEY, Plaintiff,**

v.

**SALEM MORTGAGE COMPANY, et al., Defendants.**

**Adv. No. 83 0694.**

United States District Court, E.D. Michigan, S.D.

June 22, 1984.

Luis Fernandez, Asst. Atty. Gen., Lansing, Mich., for plaintiff.

Franklin D. Gettleson, Birmingham, Mich., Clark D. Cunningham, Detroit, Mich., Emily Kurrasch, Jackson, Mich., Robert A. Fineman, Detroit, Mich., Mark Magidson, Port Huron, Mich., Michael Chielens, Grand Rapids, Mich., Irwin Alterman, Southfield, Mich., Howard Rosenberg, Southfield, Mich., L. Nicholas Treinen, Lake Orion, Mich., Arnold Schafer, Birmingham, Mich., for defendants.

## MEMORANDUM AND ORDER

ROBERT E. DeMASCIO, District Judge.

The bankruptcy court, 34 B.R. 902, entered a proposed order approving class certification, settlement of a class action suit, and a final consent judgment. This proposed order was stipulated to by the parties following extensive hearings in the bankruptcy court. While the proposed order was before this court, pursuant to the Interim Rule, a group of similarly situated investors filed a motion to intervene. This motion, for the first time, questioned the court's subject matter jurisdiction over a settlement that, for the most part, only compromised the claims of borrowers and investors, neither of whom were debtors in bankruptcy. This passing reference to the court's subject matter jurisdiction caused us to seriously consider whether this court could entertain a proposed order that significantly compromised a class of defendant investors, who for the most part had extremely limited contact with the debtors. For many of these investors, the only contact that they ever had with the debtors in possession was that, sometime in the past, they had purchased a note from the debtors for investment purposes. At oral argument, the court expressed its concern that it lacked subject matter jurisdiction and invited all interested parties to file briefs on the issue. After reviewing the briefs on this issue and listening to oral arguments, we find that we do not have subject matter jurisdiction to entertain this proposed order. The jurisdictional provisions of 28 U.S.C. § 1471(b), though excessively broad, were not meant to encompass an adversary proceeding involving plaintiffs and defendants who are virtually unconnected to the debtors.

A factual summary of these proceedings will clearly demonstrate that we lack subject matter jurisdiction to enter this proposed order. On March 30, 1983, the defendant debtors—Salem, Fidelity Fund, Fidelity Securities and Nationwide—filed separate Chapter 11 bankruptcy petitions. Less than two weeks later, Attorney General Frank Kelley filed the present adversary proceeding to allege violations of the Michigan Consumer Protection Act (MCPA) M.C.L.A. § 445.901 *et seq.* The complaint was filed on behalf of a class of consumers composed of all borrowers who have entered mortgage loan transactions arranged by the debtors and certain individuals involved in the operations of these debtors, the named defendants. The complaint alleged, in general terms, that jurisdiction over this dispute was based on 28 U.S.C. § 1471. On May 23, 1983, the first stipulation for temporary class certification and a proposed final consent judgment were presented to the bankruptcy court. The stipulation was amended on June 3, 1983, and by order of the bankruptcy court the proposed settlement and consent judgment were published in the major Michigan newspapers for five consecutive days. In July, the Attorney General conducted public meetings in all the major cities in lower Michigan. For various reasons, a hearing on the class certification and settlement was postponed, and thus the hearings on this matter did not commence until October 6, 1983. The transcripts of the hearings are voluminous since the objectors to the settlement were allowed to present evidence dealing with the adequacy of the class representation and the merits of the proposed settlement. The parties were so engrossed in the merits of the settlement that the jurisdictional basis for reaching such a settlement in the bankruptcy court was never challenged.

The problem with the settlement is that it basically compromises the interests of the defendant investors who have virtually no present connection with the debtor. The settlement's only reference to the debtors is with regard to their absconding with escrow funds and it states that the party, borrower or investor, who suffers financial loss as a result of the debtors' offensive conduct shall have a claim against the estate of Salem. The rest of the settlement compromises the claims of borrowers and investors in relation to each other. For example, the settlement with regard to the second class of mortgagees/mortgagors

provides for a reformation of the loan to eliminate the brokers' fees, and also reduces the interest rate to 15%. The borrowers are asked to relinquish any claims they may have against the debtors and in return the investors will have the terms of their investment materially altered. We are not evaluating the wisdom of the settlement; the devious conduct of the debtors has placed the innocent borrowers and investors in such a financial quagmire, no resolution of the dilemma could be fair to all parties. We are merely emphasizing the extremely attenuated connection between the settlement and the bankruptcy proceedings.

We find that the proposed order did not derive from a civil proceeding "arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1471(b). In reaching this conclusion, we are not insinuating in the slightest that the district court does not have jurisdiction over "related to" civil proceedings after *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The continuing vitality of 28 U.S.C. § 1471(b) after *Northern Pipeline* is well established. *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254 (6th Cir.1983). *In re Kaiser*, 722 F.2d 1574 (2d Cir.1983). Rather, we find that the proposed order is simply not "related to" a case under Title 11.

We recognize that the jurisdictional provisions of § 1471 are broad. In enacting the Bankruptcy Reform Act of 1978, Congress was attempting to remedy the circumscribed jurisdiction of the referees which depended on "notions of possession of property ... and consent given by an adverse party ...." 1 *Collier on Bankruptcy* ¶ 3.01 at 3–46 (15th Ed.1983). Some courts have stated that jurisdiction under the new act exists "whenever 'the outcome of the proceeding could conceivably have *any affect upon* the estate being administered in bankruptcy.'" *In re General Oil Distributors, Inc.*, 21 B.R. 888, 892 N. 13 (Bkrtcy.E.D.N.Y.1982) *citing Mazur v. U.S. Air Duct Corporation*, 8 B.R. 848, 851 (Bkrtcy.N.D.N.Y.1981) (emphasis in

original). The implications of such language are astounding since many extremely tangential matters could have "any effect upon" an estate. The facts, however, in a decision like *In re General Oil Distributors* show that jurisdiction is not really being exercised with abandon. In *General Oil*, the non-debtor defendants were either subsidiaries of the debtor's parent company or a bank that had a security interest in one of the debtor's account receivables and according to plaintiff had maintained this security interest through inequitable measures. Behavior that has a direct effect on the accounts receivable of a debtor is clearly more "related to" the administration of a bankruptcy estate, than our proposed order that compromises only the claims of parties unaffiliated with the debtors.

We are more persuaded by the holding in *United Coal Co. v. Hoyer*, 29 B.R. 1019 (W.D.Va.1983), finding a lack of subject matter jurisdiction over the non-debtor defendants. In *United Coal*, the non-debtor defendants had removed a defamation claim from the state court to the bankruptcy court that was exercising jurisdiction over debtors who were clients of some of the defendants. The defamation claim asserted that the non-debtor defendants, who were the attorneys for the debtors, had caused defamatory statements to be printed in the newspapers of the two other non-debtor defendants. *Id.* at 1020. In *United Coal*, the court found that there was no bankruptcy jurisdiction over the dispute for the reason that:

The defendants in this case have no binding legal commitment such as a guaranty, which would make them responsible for the debtor's debts. The defendants were in an attorney-client relationship, not an agency relationship. Even if the defendants are considered to be agents of the debtor, it has been held that if tortious conduct is committed by an agent, he is responsible for it as an independent party, not as the agent of the principal. [Citation omitted.] *The de-*

*fendants argue that if they are found liable for their conduct, they will attempt to hold the debtors liable. The court finds that this potential liability of the debtors is too tenuous to bring this cause in to the bankruptcy action as being "related to" the bankruptcy action. Id.* at 1022–23 (emphasis added).

For similar reasons, we find a lack of subject matter jurisdiction over the investors. The only connection that these investors have with the bankruptcy action is that some of them were having their investments serviced by the debtors at the time the bankruptcy petitions were filed, and that they may have potential claims against the debtors if the borrowers proceeded in state court against them. This tenuous connection with the bankruptcy proceedings is an insufficient basis for jurisdiction. We hold that in order for a court to find that a dispute involving both debtor and non-debtor defendants is "related to" a bankruptcy proceeding and thus falling under its jurisdiction, it must first determine that: 1) a. if the action proceeds in the debtor's absence complete relief cannot be accorded among the parties to the proceeding or b. the debtor claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the other parties to the action subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the debtor's claimed interest* and 2) the action has a definite effect upon the debtor's estate. Any other test would infringe on the constitutional rights of other parties brought into bankruptcy proceedings merely because of the fortuitous circumstance that a person, whom they had dealings with in the past, has filed a petition in bankruptcy. We find that this adversary proceeding does not meet either prong of this test for determining whether a dispute is "related to" a bankruptcy action.

* *See* Fed.R.Civ.P. 19.

Accordingly, the proposed order approving class certification, settlement of class action suit and entry of consent judgment must be DISMISSED because it includes the compromise of the claims of a group of investors over whom the federal courts do not have subject matter jurisdiction.

IT IS SO ORDERED.