**Delmer ZWEYGARDT and Lavonne Zweygardt, Plaintiffs,**

**v.**

**The COLORADO NATIONAL BANK OF DENVER, Defendant.**

**Adv. No. 85 G 0131.**

United States Bankruptcy Court, D. Colorado.

Aug. 9, 1985.

Rothgerber, Appel & Powers by Garry R. Appel and Michael Guyerson, Denver, Colo., for plaintiffs.

Davis, Graham & Stubbs by A. Bruce Campbell and Thomas MacDonald, Denver, Colo., for defendant.

## ORDER RE: MOTION TO REMAND

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER is before the Court on the Motion of debtor-plaintiffs, Delmer and Lavonne Zweygardt ("Zweygardt"), to Remand a Removed proceeding to the State Court or, in the Alternative, to Strike the Petition for Removal previously filed by the Colorado National Bank of Denver ("CNB"). Additionally, CNB moved, at the same time it filed the petition for removal, to consolidate this action with an earlier adversary proceeding filed in this Court. Zweygardts object to that consolidation.

### I. BACKGROUND

Zweygardts filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 19, 1984. On December 18, 1984, Zweygardts filed an adversary proceeding in this court alleging that CNB violated the Equal Credit Opportunity Act ("ECOA") in connection with a loan transaction between CNB and Zweygardts. That action was assigned adversary proceeding No. 84 G 1033. The complaint was subsequently amended and an answer has been filed. CNB has also filed four counterclaims. This court has already determined withdrawal of the reference is necessitated under 28 U.S.C. § 157(d) with respect to the ECOA action, as well as one counterclaim alleging that action is a frivolous claim.

Subsequently, on February 12, 1985, Zweygardts filed a civil action in the state district court for Kit Carson County, Colorado, asserting claims for relief against CNB on the basis of false representations, fraud, breach of contract, outrageous conduct, breach of fiduciary relationship, breach of an implied covenant of fair dealing, together with exemplary damages. Zweygardts demand trial by jury on this complaint. CNB removed that proceeding to this court on March 4, 1985. That became the present adversary proceeding No. 85 G 0131. CNB also moved in connection with the petition for removal that adversary proceeding No. 85 G 0131 be consolidated with 84 G 1033. Zweygardts then moved to remand the present adversary proceeding to the state court or, alternatively, to strike CNB's petition for removal and objected to any consolidation.

In the event this court determines it has jurisdiction, either as a core or related proceeding, Zweygardts request entry of an order abstaining from hearing the proceeding and remanding it to the state court pursuant to the provisions of 28 U.S.C. § 1334(c)(2) or that the court voluntarily abstain from hearing the proceeding pursuant to 28 U.S.C. § 1334(c)(1).

### II. CONCLUSIONS OF LAW AND ORDER

Remand of a removed cause of action is governed by 28 U.S.C. § 1452(b). That section provides as follows:

"The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise."

Zweygardts suggest the "equitable ground" upon which remand should be ordered here is that this court lacks jurisdiction over the state court proceeding, that it is not a core proceeding and is only tangentially related to the bankruptcy case. Whether "equitable" or not, the lack of jurisdiction over a non-core proceeding is a good ground for remand.

No question is raised with respect to this court's jurisdiction over the underlying bankruptcy case. A question is raised with

respect to this court's jurisdiction over the cause of action present in the instant adversary proceeding. Thus, the threshhold determination must be whether this court has jurisdiction over the cause of action. *See, In re Dr. C. Huff Company, Inc.,* 44 B.R. 129 (Bankr.W.D.Ky.1984).

This necessitates a review of whether the proceeding is core or non-core, whether it arises under title 11 or arises in a case under title 11, or whether it is related to the pending title 11 case which has been referred to this judge.

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress vested the United States district courts with original and exclusive jurisdiction of all cases under Title 11. 28 U.S.C. § 1334(a). The Congress further conferred original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11" upon the district courts. 28 U.S.C. § 1334(b). Bankruptcy judges for the district in which such cases or civil proceedings are pending may exercise the district court's jurisdiction to the extent such matters are referred to the bankruptcy judges by the district court. 28 U.S.C. § 157(a). *See also: In re Herrera,* 29 B.R. 49 (D.C.Colo.1983). Such a reference may authorize bankruptcy judges to hear and render final determinations in all cases under Title 11, as well as all core proceedings, provided such proceedings arise under Title 11, or arise in a case under Title 11. 28 U.S.C. § 157(b)(1). However, proceedings that are non-core but are "related" to a case under Title 11 may also be heard by a bankruptcy judge, but may only be the subject of proposed findings of fact and conclusions of law to the district court, absent consent of all parties to the proceeding. 28 U.S.C. § 157(a), (c)(1) and (2). *See also: Mohawk Industries, Inc. v. Robinson Industries, Inc.,* 46 B.R. 464 (D.C.Mass.1985). *See contra: Pierce v. Airport Development Corp., (In re Pierce),* 44 B.R. 601 (D.C. Colo.1984).

It is important to note that for a "core" proceeding to be within the ambit of the bankruptcy judge's jurisdiction to render a final determination, it must be a proceeding "arising under title 11", or "arising in a case under title 11", already the subject of a § 157(a) reference. 28 U.S.C. § 157(b)(1). The dispute pending in the proceeding must have some impact on, and connection to, property of the estate in the pending case. *In re Dr. C. Huff Company, Inc.,* 44 BR 129 (Bankr.W.D.Ky. 1984); *see also: Nat'l. Acceptance Co. of America v. Price, (Matter of Colorado Energy Supply, Inc.),* 728 F.2d 1283 (10th Cir.1984).

There is a dearth of authority or language of the Bankruptcy Amendments Act to assist in determining when a proceeding arises "under title 11". Presumably, this refers to those types of actions involving core proceedings, as defined in 28 U.S.C. § 157(b)(2), and which arise under certain provisions of title 11, such as provisions relating to preferences, fraudulent transfers, turnovers (§§ 547, 548, 542), etc.

In *Carlton v. BAWW, Inc.,* 751 F.2d 781 (5th Cir.1985), the court looked to the legislative history of this language and stated:

"The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. § 582 (sic) would be cognizable by the bankruptcy courts, as would a claim of discrimination in violation of 11 U.S.C. § 525. Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11. Many of these claims would also be claims arising under or related to a case under title 11." *Carlton v. BAWW, Inc., supra,* at p. 787, fn. 7, citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 445–46 reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 6401.

The meaning of "arising in" a bankruptcy case is equally unclear. Congress did not say every proceeding filed in a title 11 case may be heard and determined by a bankruptcy judge. The statute does provide that a "core proceeding" (as defined in § 157(b)(2), *supra*), arising in a bankruptcy case referred to the bankruptcy judge may be heard and determined by that judge. It is overly simplistic to merely examine an action filed in a title 11 case to see if it falls within 28 U.S.C. § 157(b)(2)(A) through (O). A literal implementation of those subsections would cause almost any proceeding filed in a bankruptcy case to come within the definition of "arising in." Thus, the issues should be examined to see if they deal with property of the estate in the underlying bankruptcy case and have arisen in that context. *See In re Dr. C. Huff Company, Inc., supra.*

CNB seeks to have the court determine that the issues here are, indeed, "core" proceedings. The basis for this contention is that Zweygardts' causes of action in this proceeding and CNB's claim in the bankruptcy estate are inextricably interwoven. The matters concern administration of the estate, constitute counterclaims by the estate against a claimant in the estate, involve the determination of the validity, extent or priority of liens and are proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship. *See* 28 U.S.C. § 157(b)(2)(A), (C), (K) and (O). It must also be recognized that the cause of action alleged by the debtors against CNB is one which is totally independent of and separate from any adjudications by the bankruptcy court. It arose pre-petition and seeks damages against the Bank for fraud, false representation, breach of contract, outrageous conduct, "and other counts which are the stuff of the traditional actions at common law tried by the courts at Westminster in 1789. There is apparently no federal rule of decision provided for any of the issues in the lawsuit; the claims of (Zweygardts) arise entirely under state law. No method of adjudication is hinted, other than the traditional common-law

mode of judge and jury. The lawsuit is before Bankruptcy Court only because the plaintiff has previously filed a petition for reorganization in that court." (parenthesis supplied). *Northern Pipeline Construction Company v. Marathon Pipe Line Co.,* 458 U.S. 50, 90, 102 S.Ct. 2858, 2881, 73 L.Ed.2d 598 (1982).

I have previously had occasion to review many decisions as they relate to what constitutes "core" and "related" proceedings. *In re Bokum Resources Corp.,* 49 B.R. 854 (Bankr.N.M.1985). Thus, I will not further review those decisions here. I determined there, and reiterate here, that any interpretation of 28 U.S.C. § 157 determining what constitutes a "core" proceeding must be made with Article III of the Constitution in mind and must comport with the plurality opinion in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co., supra.* While recognizing that the intent of Congress may well have been to continue allow bankruptcy judges to exercise jurisdiction in areas which Congress defines as "core", irrespective of whether these issues involve traditional actions at common law, dependent for their resolution entirely upon state law, this intent cannot be implemented in the legislation if it conflicts with the ruling of the Supreme Court of the United States.

Here, although, as CNB points out, many of the issues would qualify to be heard and determined as "core" proceedings as defined in § 157(b), the issues were raised in the context of a civil action filed in the state court and were not presented as core proceedings "arising in" the Chapter 11 case. These issues arise as a result of pre-petition causes of action which could have been commenced totally independently of any bankruptcy case. I must conclude that the proceeding before me is not a core proceeding arising under title 11, or arising in a case under title 11, so as to be within the jurisdiction conferred upon me by 28 U.S.C. § 157(a) or (b) or the Reference Order from the district court.

The next question to be addressed is whether the issues set forth in the proceeding before me are "related" to this bankruptcy case. Merely because a proceeding is determined to be non-core does not mean it is necessarily a "related" proceeding. It may be neither. *See Bobroff v. Continental Bank, (In re Bobroff)*, 43 B.R. 746 (D.C.E.D.Pa.1984); 1 *Collier on Bankruptcy* ¶ 3.01[1][e] (15th Ed.1985) at 3–49. *See, also: Pacor v. Higgins*, 743 F.2d 984 (3rd Cir.1984) [decided under pre-Bankruptcy Amendments Act authority].

■ Just as in the case of a "core" proceeding, a "related" proceeding must have some effect on administration of the debtor's estate to be within the bankruptcy judges jurisdiction to hear it. *In re Bobroff, supra; Kelley v. Salem Mortgage Co.*, 41 B.R. 420 (D.C.E.D.Mich.1984); *see also: Pacor v. Higgins, supra; Matter of Colorado Energy Supply, supra; In re Dr. C. Huff Company, Inc., supra*. The definition of what is truly a "related" proceeding has been the subject of slightly differing definitions.

Chief Justice Burger, writing separately in dissent in *Northern Pipeline*, apparently perceived that difficulties would be encountered in determining the types of actions required to be heard by an Article III court. His synopsis of what Justice Rehnquist stated in his concurrence in the judgment of the Court has come to be used to define "related" proceedings—that being a " 'traditional' state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, ...." *Northern Pipeline, supra*, 102 S.Ct. at 2882. He then indicated that such "ancillary common-law actions" could be routed to the United States District Court for adjudication. *Id.*

During the "emergency rule" era, the Tenth Circuit Court of Appeals, in *Matter of Colorado Energy Supply, Inc., supra*, reviewed what constitutes "related proceedings" and adopted the foregoing definition from Chief Justice Burger, but went further and also referred to the definition as contained in the Model Rule proposed by the Judicial Conference. That definition is as follows:

"Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court...." *Matter of Colorado Energy Supply, supra*, 728 F.2d at 1286.

This definition is susceptible, on its face, to being very broadly defined to include Pandora's Box. Other language contained in the opinion makes it evident this definition was intended to distinguish a "related" from a "core" proceeding and should be read to require that a truly "related" proceeding must have some relationship to the bankruptcy case under consideration.

The necessity for such a nexus to exist was clearly discussed by Judge DeMascio, in *Kelley v. Salem Mortgage Co., supra*. That opinion, in discussing § 1471(b), the predecessor to 28 U.S.C. § 1334, states as follows:

"We hold that in order for a court to find that a dispute involving both debtor and non-debtor defendants is 'related to' a bankruptcy proceeding and thus falling under its jurisdiction, it must first determine that: 1) a. if the action proceeds in the debtor's absence complete relief cannot be accorded among the parties to the proceeding or b. the debtor claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the other parties to the action subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations be reason of the debtor's claimed interest and 2) the action has a definite effect upon the debtor's estate. Any other test would infringe on the constitutional rights of other parties brought into bankruptcy proceedings merely because of the fortuitous circumstance that a person whom they had dealings with in the past, has filed a petition in bankruptcy."

The court in *Kelley* is critical of those decisions which have stated that jurisdiction under the new act exists "whenever 'the outcome of the proceeding could conceivably have **any affect upon** the estate being administered in bankruptcy,'" citing various bankruptcy decisions. *Kelley v. Salem Mortgage Co., supra,* 41 B.R., at 422. Presumably, this same criticism is applicable to the Third Circuit's opinion in *Pacor v. Higgins, supra,* as well as 1 *Collier on Bankruptcy* 3.01 (15th Ed.1985) at 3–49, which articulated the test for determining whether a proceeding is related to a bankruptcy case by examining whether **"the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."** *Pacor v. Higgins, supra,* at p. 994. As Judge DeMascio noted in *Kelley, supra,* "the implications of such language are astounding since many extremely tangential matters could have 'any effect upon' an estate." *Kelley v. Salem Mortgage Co., supra,* 41 B.R. at 422.

■ As can be seen from the foregoing, it is necessary to review the issues to determine if the dispute extant in this proceeding is merely tangential to the bankruptcy case or is sufficiently involved with the case to have a definite effect upon the debtor's estate. If the latter, it is sufficiently "related" that it may be heard by the bankruptcy judge, who shall then submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1).

Zweygardts assert that, while the cause of action arose pre-petition so as to be "property of the estate" (*See In re Bobroff, supra*), it is a cause of action which is totally independent of and separate from any adjudications by the bankruptcy court. The lawsuit is before the bankruptcy court only because the plaintiff has previously filed a petition for reorganization in that court. *Northern Pipeline Construction Company v. Marathon Pipe Line Co., supra.*

Zweygardts argue, on the basis of the foregoing authority, that the issues here are not core proceedings and are only tangentially related to the bankruptcy proceedings, if at all. In support of this, Zweygardts point out that the civil action they have filed in Kit Carson County, Colorado, is an action based solely upon principles of state law and is not to be determined by any federal rule of decision. Additionally, it is urged that the outcome of this litigation will not directly influence the success of the debtor's proposed reorganization. While the debtors' reorganization did not plan to use any funds resulting from the litigation, that plan has been withdrawn. Finally, Zweygardts urge that although § 157(c) of Title 28 provides that a bankruptcy court may hear related proceedings, the 1984 Act cannot be extended beyond the boundaries set forth in *Northern Pipeline v. Marathon Pipe Line, supra.* This is consistent with the determination I have previously been called upon to make in *In re Bokum Resources Corp., supra.* There, I concluded that § 157(b) which sets forth examples of alleged "core" proceedings, cannot be literally interpreted if to do so will conflict with the rather clear expressions of the plurality in *Northern Pipeline.*

■ The issues here are, in my view, not core proceedings. They do fall within the definition of "related" proceedings as set forth by the Tenth Circuit Court of Appeals in *Matter of Colorado Energy Supply, Inc., supra,* and they are issues which fall within the ambit of Article III protection as enunciated by the Supreme Court in *Northern Pipeline v. Marathon Pipe Line, supra.*

It is also noted that a jury has been demanded by Zweygardts in their removed action. For the reasons set forth in *In re Bokum Resources, supra,* I conclude that Zweygardts are entitled to a jury to determine the pending issues in this adversary proceeding. B.R.P. 9015(a) preserves that right.

Based upon the foregoing argument and discussion, I conclude that the proceeding before me are, at best, related to the underlying bankruptcy case and that the Zwey-

gardts are entitled to have their jury demand honored. This constitutes sufficient equitable ground to require remand of this proceeding, pursuant to the provisions of 28 U.S.C. § 1452(b) to the state district court. Accordingly, it is

ORDERED that the above entitled action shall be and is remanded to the state district court in and for the County of Kit Carson, State of Colorado for resolution in that court.